UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **KRISTEN WALTERS,** <br><br> Plaintiff, <br><br> vs. <br><br> **GC SERVICES, LP; and DOES 1 through 10, inclusive,** <br><br> Defendant. | **Civil Action No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Kristen Walters, an individual consumer, against Defendant, GC Services, LP, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III. PARTIES

3. Plaintiff, Kristen Walters, is a natural person with a permanent residence in Holt County, MO 64048.

4. Upon information and belief, the Defendant, GC Services, LP, is a law firm engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Houston, Texas. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within the last year, Defendant constantly and continuously called Plaintiff at, but not limited to, 816-401-4412, and was successful in causing Plaintiff annoyance.

8. Within the last year, Defendant's representative contacted a third party, Plaintiff's mother, at 816-264-2408, and communicated with her regarding Plaintiff's debt.

9. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

10. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in Plaintiff feeling stressed, amongst other negative emotions.

### V. CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692b* by contacting a person other than Plaintiff for purposes other than location information;

3

(b) Defendant violated *§1692b(2)* of the FDCPA by communicating with someone other than Plaintiff and disclosing the existence of Plaintiff's debt;

(c) Defendant violated *§1692c(b)* of the FDCPA by communicating with a person other than the Plaintiff;

(d) Defendant violated 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

(e) Defendant violated 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(f) Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Kristen Walters, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

4

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, GC Services, LP, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Kristen Walters, demands trial by jury in this action.

DATED: March 4, 2014             RESPECTFULLY SUBMITTED,

/s/ Raymond E. Probst

Raymond E. Probst, Jr.
MO Bar No. 49862
827 Armstrong Avenue
Kansas City, KS 66101
913-281-0699
rprobst@probst-law.com
Attorneys for Plaintiff